Peck, J.
delivered the opinion of the court.
The question presented by this record, arises upon the charge of the court. The circuitxourt was of opinion that the plaintiff could acquire no right of property in the slaves hy virtue of an adverse possession, sufficient in point of time to form a har under the act of limitations; that the remedy of the party who had the title, was only harred, not his right of property, and consequently the right of recaption existed. In personal actions to enforce exec-utory contracts, the statute of limitations only operates a har upon the remedy; hence a distinct and unequivocal acknowledgment will revive the debt. But, in relation to the title to pei-sonal property, the rule is, and from necessity must he different. In such case the uninterrupted adverse enjoyment for the period prescribed hy the ' statutes, vests the right of property in the possessor, unless prevented hy some of the exceptions in the statute. Without detailing the dangerous consequences to society,* the violence, the prostration of all good order, which would result from the adoption of a contrary doctrine, it is sufficient for us to say, that thewuestion has been settled in this State, in the case of Kteler vs. Miles’, (Martin and Yerger’s Rep.) The decision in that case is amply sustained by the authorities referred to. We are of opinion that the Circuit Court erred in its charge to the jury upon this point, for which error the judgment must he reversed and the cause remanded.
Judgment reversed.